FILED

2022 Nov-22  PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LILLIAN TURNER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.: _____ |
| CHIPOTLE, | ) | |
| Defendant. | ) | |

COMES NOW Defendant Chipotle Services, LLC ("Chipotle"), by and through the undersigned counsel, and pursuant to 28 U.S.C §§ 1332, 1441, and 1446, and hereby files this Notice of Removal of the above-styled action, originally filed in the Circuit Court of Tuscaloosa County, Alabama, to the United States District Court for the Northern District of Alabama. In support of removal, Chipotle provides the following "short and plain statement of the grounds for removal." 28 U.S.C 1446(a).[1]

### I.    NATURE OF THE ACTION

1.    On or about September 22, 2022, Plaintiff Lillian Turner ("Plaintiff") initiated a civil action in the Circuit Court of Tuscaloosa County, Alabama, Case No. 2022-173 (captioned, *Lillian Turner v. Chipotle*) (the "State Court Action"), naming Chipotle as a Defendant. A true and correct copy of all pleadings, and other papers and exhibits of every kind filed in the State Court Action are attached hereto as **Exhibit A.**

2.    Plaintiff's Complaint alleges discrimination on the basis of sex and a medical condition. (*See generally*, Ex. A.)

---

[1] Chipotle Services, LLC is the named Defendant and appears here in the exercise of its rights of removal under federal law. Chipotle reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Complaint.

## II.    REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

3.    Removal of this case is proper under 28 U.S.C 1332 and 1441(b) because this court has original jurisdiction over this civil action based on the fact that complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.    Upon information and belief, Plaintiff was a citizen of the State of Alabama at the time she filed the State Court Action and remained so up through the filing of this Notice. (*See generally*, Ex. A).

5.    Pursuant to 28 U.S.C §1332(c)(1), a corporation is deemed to be a citizen of the state by which it has been incorporated and of any state where it has principal place of business. Chipotle is incorporated under the laws of the State of Delaware and its principal place of business is 610 Newport Center Drive, Suite 1300, Newport Beach, CA, 92660. Chipotle is, therefore, a citizen of the states of Delaware and California for the purposes of diversity jurisdiction under 28 U.S.C §1332(c)(1).

6.    It is apparent on the face of the Complaint that Plaintiff's claims state an amount in controversy in excess of $75,000. To determine the amount in controversy, a court first looks to the amount alleged in the complaint. *Russell Corp. v. Ward*, No. 3:08-CV-293-WKW, 2008 WL 2852311, at *2 (M.D. Ala. July 22, 2008). The value of the object of the litigation is measured solely from the *plaintiff's* perspective; the value to the defendant is irrelevant. *Id*.

7.    Plaintiff seeks damages in the amount of $500,000.00. (*See* Ex. A.)  Accordingly, the requisite amount in controversy is established.

### III.     VENUE IS PROPER IN THE NORTHERN DISTRICT OF ALABAMA

8.      Under 28 U.S.C 1441(a), a case may be removed to "district court of the United States for the district and division embracing the place where such action is pending." Plaintiff brought this action in the Circuit Court of Tuscaloosa County, State of Alabama. Tuscaloosa County is within the jurisdictional boundaries of the United States District Court for the Northern District of Alabama. As such, removal to this Court is proper.

### IV.     REMOVAL IS PROCEDURALLY PROPER

9.      This Notice of Removal is timely under 28 U.S.C § 1446(b). The Complaint was served on Chipotle on October 21, 2022. (*See* Exhibit A). Because removal is made within thirty days of service, this Notice of Removal is timely. See 28 U.S.C § 1446(b); *Murphy Bros., Inc v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 347 (1999).

10.     Pursuant to 28 U.S.C. § 1446(a), all documents filed in the State Court Action, a copy of the docket sheet in the State Court Action, and copies of all process and pleadings in the State Court Action are attached to this Notice of Removal as **Exhibits A and B**. Chipotle has not yet filed its answer in the State Court Action.

11.     Chipotle will concurrently file a Notice of Filing of Notice of Removal with the clerk of the state court in which the State Court Action was pending and serve a copy on Plaintiff pursuant to 28 U.S.C § 1446(a) and (d). Attached hereto as **Exhibit C** is a copy of the Notice of Filing Notice of Removal, excluding exhibits.

12.     Chipotle has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

### V.    NON-WAIVER OF DEFENSES

13.    By filing this notice of Removal, Chipotle does not waive any defenses available to it. Chipotle does not admit, and in fact specifically denies, that the Complaint states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages, or any other relief sought in the Complaint. Further to this point, Chipotle avers, and will later show in its responsive pleading, that each of Plaintiff's claims are time barred and are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

### VI.    REQUEST FOR ADDITIONAL ARGUMENTS AND EVIDENCE IF NEEDED

14.    As the party requesting removal, Chipotle's instant Notice of Removal has satisfied its obligation to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S 81, 87 (2014) (citing 28 U.S.C. § 1446(a)). Chipotle has satisfied this standard here; however, should the Court so request, the factual allegations in this pleading will be supported by affidavit or other summary-judgment-type-evidence.

15.    In the event Plaintiff filed a motion or other request to remand, or the Court considers remand *sua sponte*, chipotle reserves all rights to submit such additional argument and/or evidence in support of removal as may be necessary or appropriate, including competent evidence as to the amount in controversy or diversity of citizenship.

WHEREFORE, for the aforementioned reasons, this action is removed to and should proceed in the United States District Court for the Northern District of Alabama.

This 21st day of November 2022.

Respectfully submitted,

*/s/ Andrew L. Edge*
Andrew L. Edge (EDG007)

Alabama Bar No. 1017K25R
Elizabeth Bulat (*pro hac vice* application forthcoming)
Georgia Bar No. 558428
Matthew D. Treco (*pro hac vice* application forthcoming)
Georgia Bar No. 802181
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, GA  30319
T: (404) 909-8100
F: (404) 909-8120
aedge@martensonlaw.com
bbulat@martensonlaw.com
mtreco@martensonlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically sends notice of the filing to Plaintiff. The foregoing document is also being served by U.S Mail First Class to Plaintiff.

/s/ *Andrew L. Edge*
Andrew L. Edge