FILED
2022 Nov-22  PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V  2022  173  - |
|---|---|---|
| Form ARCiv-93   Rev.9/18 | | Date of Filing:              Judge Code:<br>Month    Day    Year |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF** _____, ALABAMA

_Lillian Turner_    (Name of County)    v. _Chipotle_

**First Plaintiff**   ☐ Business   ☐ Individual      **First Defendant**   ☐ Business   ☐ Individual
                     ☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  -  Wrongful Death
- ☐ TONG  -  Negligence: General
- ☐ TOMV  -  Negligence: Motor Vehicle
- ☐ TOWA  -  Wantonness
- ☐ TOPL  -  Product Liability/AEMLD
- ☐ TOMM  -  Malpractice-Medical
- ☐ TOLM  -  Malpractice-Legal
- ☐ TOOM  -  Malpractice-Other
- ☐ TBFM  -  Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  -  Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  -  Personal Property
- ☐ TORE  -  Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN  -  Abandoned Automobile
- ☐ ACCT  -  Accoun: & Nonmortgage
- ☐ APAA  -  Administrative Agency Appeal
- ☐ ADPA  -  Administrative Procedure Act
- ☐ ANPS  -  Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX  -  Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  -  Civil Rights
- ☐ COND  -  Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  -  Contempt of Court
- ☐ CONT  -  Contract/Ejectment/Writ of Seizure
- ☐ TOCN  -  Conversion
- ☐ EQND  -  Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  -  Eviction Appeal/Unlawful Detainer
- ☐ FORJ  -  Foreign Judgment
- ☐ FORF  -  Fruits of Crime Forfeiture
- ☐ MSHC  -  Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  -  Protection From Abuse
- ☐ EPFA  -  Elder Protection From Abuse
- ☐ FELA  -  Railroad/Seaman (FELA)
- ☐ RPRO  -  Real Property
- ☐ WTEG  -  Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  -  Workers' Compensation
- ☐ CVXX  -  Miscellaneous Circuit Civil Case

**ORIGIN** *(check one)*:    F ☐ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
                                                  DISTRICT COURT
                          R ☐ REMANDED           T ☐ TRANSFERRED FROM
                                                  OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☐ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☐ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
☐☐☐☐☐☐    09/22/2022    _Lillian Turner_
                Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**  ☐ YES  ☐ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ Yes ☐ No

| State of Alabama<br>Unified Judicial System<br><br>Form C-34         Rev. 4/2017 | SUMMONS<br>-CIVIL- | Court Case Number<br><br>CV 2022-173 |
|---|---|---|

IN THE _____ COURT OF _____ COUNTY, ALABAMA
*(Circuit, District, or Juvenile)*          *(Name of County)*

_____    v.    _____

_____          _____
*[Name(s) of Plaintiff(s)]*                        *[Name(s) of Defendant(s)]*

NOTICE TO: 1203 University Blvd, Tuscaloosa AL 35401  Jameul pilato
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _____, WHOSE
*[Name(s) of Attorney(s)]*

ADDRESS(ES) IS/ARE: 4413 cypress creek ave E # Tuscaloosa AL 35405
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN_____DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
*[Name(s)]*
pursuant to the Alabama Rules of Civil Procedure.

_____          _____          By: _____
*(Date)*                    *(Signature of Clerk)*                *(Name)*

☐ Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

---

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on_____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____County,
*(Name of Person Served)*              *(Name of County)*

Alabama on_____.
*(Date)*

_____          _____
*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____
*(Server's Printed Name)*          *(Phone Number of Server)*

In the Circuit Court of Tuscaloosa County, Alabama

Lillian Turner                    )      CV-**2022**-173
**Plaintiff**                     )
                                  )
                                  )
**vs.**                           )
                                  )
                                  )
Chipotle                          )
**Defendant**                     )
                                  )

**COMPLAINT**

I seek to care for my kid finacially. They fired me while 8weeks pregnant. I suffered my whole pregnancy sick. She was suppose to born March 21. 2021 but ended up having health complication at my 8month. She was early induced c-section at 8month 3days. no contact with with father/family no answer. the father blocked me on every social media. had to raise and care for her alone. I'm seeking _500K in claims_. the reason why eeoc was filed late because of the c-section recovery. I'm still raising her with no help or support. right now I have hip swollen joints and a torn ligament in my right shoulder. currently working with baumhowers.

Lillian Turner

4413 cypress creek ave E #20
Tuscaloosa AL 35405
205-239-2781

EEOC Form 291 (11/09)

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO: Sheri B. Guenster, Supervisory Investigator

CHARGE NO. 420-2020-03035

FROM: Debra Powell, Investigator

SUBJECT: _____ Lillian Turner _____    v.    _____ Chipotle _____

*Charging Party*          *Respondent*

I recommend dismissal/closure of the subject charge based on the following:

☐ Failure to State a Claim

☐ No Covered ADA Disability

☐ Too Few Employees/Members

☐ Untimely

☒ Not Reasonable Cause

☐ Other _____

☐ Settlement/Mediation (Including withdrawals with benefits and successful conciliations)

☐ Withdrawal without Benefits

☐ Right to Sue (Issued on Request)

☐ Director must certify: processing unlikely to be completed within 180 days of filing (Title VII/ADA/GINA).

Specific information in support of recommendation/decision:

CP alleges discrimination because of her sex (Female-Pregnancy) in violation of Title VII of the Civil Rights of 1964, as amended. CP alleges that she was hired by General Manager Justin Pruitt and she became pregnant by him. CP alleges that she informed Justin that she was pregnant on or around May 30, 2020, and he took her off the schedule. CP alleges that she needed to work so she called Field Leader Samuel Pilato, and told him that she was pregnant by Justin. CP alleges that she began working at the other location on June 6, 2020. CP alleges that after her shift on July 18, 2020, she went to the hospital due to complications with her pregnancy. CP alleges that she was given a return to work date of July 20, 2020, and she submitted the excuse from the doctor to the employer. CP alleges that she was taken off the schedule and terminated because of her pregnancy.

R denies discrimination and contends that in or about May, 2020, CP told her coworker Cassandra Allen that she was pregnant with Justin's child, and that planned on having an abortion. R contends that Justin denied her claims, and CP later admitted to Chipotle's Respectful Workplace Partner that her relationship with Justin ended prior to her employment with Chipotle—not that it was ongoing as she indicated in May. R contends that CP's accusations and gossiping became a serious distraction in late May/early June 2020 and Justin took her off the schedule for a week, but he did not terminate her employment. R contends that Justin's actions were based on the disruptions caused by CP, not the pregnancy he was unaware of. R contends that CP's story became confusing and contradictory when she shared with Cassandra that her doctor gave her Plan B pills "under the table" and instructed her to take a bunch of them to terminate her pregnancy. R also contends that CP told Cassandra that she was not pregnant anymore, that the baby did not have a heartbeat, and that it was a "false pregnancy."

R acknowledges that CP contacted Samuel to complain about being off the schedule for a week, but she did not mention to Samuel that she was pregnant with Justin's child, nor did she complain that her hours were reduced due to her informing him of the pregnancy. R contends that Samuel mentioned that CP could transfer stores if she wanted and CP stated she would be interested in doing so. R contends that on June 14, 2020, CP transferred to the other location where was Courtney White was the manager. R contends that CP was scheduled to work July 14, 15, and 18, but she was a no-call/no-show on July 15, 2020. R contends that on the morning of July 18, 2020, Courtney texted CP informing her that if she did not show it would be an automatic termination due to consecutive no shows. R contends that CP did not show up for her again shift on July 18, 2020, and as a result was terminated.

CPLR was provided a copy of the employer's position statement on November 18, 2020. By letter dated December 9, 2020, CP states that she did not violate the attendance policy and avers that both the absences in question were because she had a doctor's appointment. She does not however dispute that she failed to notify R in advance and was a no call no show. CP also denies causing disruptions in the restaurant.

Based on the evidence provided, it is not likely that further investigation will result in a finding that CP was subjected to discrimination as alleged. There does not appear to be any evidence to show that CP was denied equal terms or conditions of employment because of her sex-pregnancy. Similarly, there does not appear to be any evidence to show that others similarly situated but not of CP's protected group (Female-Pregnancy) were not discharged after they were accused of violating R's no-call, no-show policy.

I recommend dismissal of this charge and issuance of the NRTS.

Decision by/
Recommendation approved by:

**Sheri Guenster**

Digitally signed by Sheri Guenster
DN: cn=Sheri Guenster, o=EEOC,
ou=Birmingham District Office,
email=sheri.guenster@eeoc.gov, c=US
Date: 2021.02.16 14:47:04 -06'00'

(Signature)                                    (Date)

Decision by/
Recommendation approved by:

(Signature)                                    (Date)

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Lillian Turner**<br>(b) (7)(C) 1 Line Redacted<br>**Tuscaloosa, AL 35405** | From: **Birmingham District Office**<br>**Ridge Park Place**<br>**1130 22nd Street South**<br>**Birmingham, AL 35205** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2020-03035** | **DEBRA N. POWELL,**<br>**Investigator** | **(205) 651-7019** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Sheri Guenster*  /for
Digitally signed by Sheri Guenster
DN: cn=Sheri Guenster, o=EEOC, ou=Birmingham
District Office, email=sheri.guenster@eeoc.gov, c=US
Date: 2021.02.16 14:49:01 -06'00'

**FEB 1 9 2021**

**BRADLEY A. ANDERSON,**
**District Director**

Enclosures(s)                                                                    *(Date Issued)*

cc:  **CHIPOTLE**
c/o Seth Ort, Senior Counsel
610 Newport Center Drive, Suite 1400
Newport Beach, CA 92660

**WIGGINS CHILDS PANTAZIS FISHER & GOLDFARB, LLC**
c/o Jon C. Goldfarb, Attorney
The Kress Building
301 - 19th Street North
Birmingham, AL 35203

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    —    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or
receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office. If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
*before 7/1/10 – not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# WIGGINS CHILDS
## PANTAZIS FISHER
## GOLDFARB
Advocates & Litigators

THE KRESS BUILDING · 301-19TH STREET NORTH · BIRMINGHAM, ALABAMA 35203
205-314-0500 MAIN · 205-254-1500 FAX · www.wigginschilds.com

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K.WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
RACHEL LEE McGINLEY
JOSHUA R. GALE•
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
EVAN D. PANTAZIS
CHRISTINA MALMAT
LIESELOTTE CARMEN-BURKS
KAMERON M. BUCKNER

ERIC C. SHEFFER
STAFF ATTORNEY

SANDRA DUCA
TIMOTHY B. FLEMING•
TERRILL W. SANDERS
OF COUNSEL
•Not Licensed in Alabama

ROBERT F. CHILDS, JR.
(1947–2018)

September 10, 2020

**VIA EMAIL**
Mr. Bradley A. Anderson
District Director, EEOC
Ridge Park Place
1130 22nd Street South
Birmingham, AL 35205

    RE:    Charging Party:    Lillian Turner
            Respondents:    Chipotle

Dear Mr. Anderson:

    This firm represents Ms. Lillian Turner in a charge of discrimination against the above-identified Respondent. Enclosed is a copy of the charge for Ms. Turner for filing and processing. It is requested that any and all communications, oral and written, regarding this matter be made through this office with a copy of any written correspondence to Ms. Turner. We also request that you please send us a copy of the stamped filed charge with the charge number via email to myself and the attorney at bhenderson@wigginschilds.com and jcg@wigginschilds.com. If you require further information, do not hesitate to call. For EEOC Portal purposes, Ms. Turner's email address is (b) (7)(C) 1 Line Redacted Thank you for this and past courtesies.

                    Very truly yours,

                    *Brooke Henderson*

                    Brooke Henderson
                    Legal Assistant to Jon C. Goldfarb

Enclosure

DOCUMENT 2

| **CHARGE OF DISCRIMINATION** | AGENCY | CHARGE NUMBER |
|---|---|---|

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | FEPA | |
| X | EEOC | 420-2020-03035 |

and EEOC

_State or local Agency, if any_

NAME(Indicate Mr., Ms., Mrs.)          Lillian Turner

HOME TELEPHONE (Include Area Code)
(b) (7)(C) 1 Line Redacted

STREET ADDRESS    CITY, STATE AND ZIP CODE
(b) (7)(C) 1 Line Redacted    Tusc. AL 35405

DATE OF BIRTH

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME    Chipotle

NUMBER OF EMPLOYEES, MEMBERS    Over 15

TELEPHONE (Include Area Code)    (205) 391-2121

STREET ADDRESS    CITY, STATE AND ZIP CODE
1203 University Blvd. Tuscaloosa AL 35405

COUNTY    Tusc

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS    CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| RACE | COLOR | X SEX | RELIGION | AGE |
| RETALIATION | NATIONAL ORIGIN | DISABILITY | OTHER (Specify) | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
Terminated July 2020

CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am an African American woman. I began working for Chipotle on March 9, 2020 as a crew/food prep/cashier. I was hired by the GM Justin Pruitt. When I began working there Mr. Pruitt would not allow me speak to any of the men in the store including employees and customers. When I did he became hostile towards me. He even sent me home for speaking to a man. During my employment I became pregnant and Mr. Pruitt was the father. I learned I was pregnant on or around May 30, 2020 after work. I informed Mr. Pruitt I was pregnant with his child that night. After that date he took me off the schedule at that store. I needed to work so I called the owner, Sammy Pilato, and told him I was pregnant and the father was GM Pruitt. He told me to get with Courtney White, the GM at the other store on 1800 McFarland Blvd, and I started there on 6/12/20. Jimmy King was the Store Manager who reported to Courtney. After my shift on 7/18/20 I went to the hospital around 10pm due to complications with my pregnancy. I was given a return to work date of the 20th due to issues with my pregnancy. I submitted the excuse from the doctor to Respondent. The next thing that happened is I was taken off the schedule and terminated. I was terminated because of my pregnancy. Also, I is subjected to a tangible employment action because when I informed GM Pruitt I was pregnant with his child he took me off the schedule.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

9/10/2020
Date    Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

# ALICIA VICKERS

| | |
|---|---|
| **From:** | Seth Ort <sort@chipotle.com> |
| **Sent:** | Tuesday, November 03, 2020 11:51 AM |
| **To:** | DEBRA POWELL |
| **Subject:** | RE: LTurner v Chipotle_420-2020-03035 |

Much appreciated!

**Seth Ort** | Senior Counsel – Litigation & Employment

**Chipotle Mexican Grill**

610 Newport Centre Drive, Suite 1400

Newport Beach, CA 92660

(949) 524-4068

sethort@chipotle.com

**From:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>
**Sent:** Tuesday, November 3, 2020 9:45 AM
**To:** Seth Ort <sort@chipotle.com>
**Subject:** [EXTERNAL] RE: LTurner v Chipotle_420-2020-03035

Mr. Ort-

I will enter your extension request in the system.  Thank you.

As always, let me know if you have any questions or concerns.

*Debra Powell*
EO Investigator
1130 22nd Street South, Suite 2000
Birmingham, AL  35205
Tel:  (205) 651-7019
Fax: (205) 212-2105

"*Not everything that is faced can be changed. But nothing can be changed until it is faced.*"
     -*James Baldwin (1924 - 1987)*

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance on this message. If you have received this message in error, please notify me immediately by return e-mail and promptly delete this message and its attachments from your computer system. I do not waive work product privilege by the transmission of this message.

**From:** Seth Ort <sort@chipotle.com>
**Sent:** Tuesday, November 03, 2020 11:44 AM
**To:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>
**Cc:** Chelsea Williams <c.williams3@chipotle.com>
**Subject:** RE: LTurner v Chipotle_420-2020-03035

Ms. Powell,

Thank you so much for reaching out.  We would very much appreciate some extra time to finish our investigation and position statement.  Is a two-week extension possible (i.e. new due date of November 18)?

Regards,


**Seth Ort** | Senior Counsel – Litigation & Employment

**Chipotle Mexican Grill**

610 Newport Centre Drive, Suite 1400

Newport Beach, CA 92660

(949) 524-4068

sethort@chipotle.com


**From:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>
**Sent:** Tuesday, November 3, 2020 8:37 AM
**To:** Seth Ort <sort@chipotle.com>
**Cc:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>
**Subject:** [EXTERNAL] LTurner v Chipotle_420-2020-03035

Mr. Ort-

Please note that the statement of position re: the subject charge is due tomorrow, November 4,, 2020.  Please let me know if you require an extension.

As always, let me know if you have any questions or concerns.

*Debra Powell*
EO Investigator
1130 22nd Street South, Suite 2000
Birmingham, AL  35205
Tel:  (205) 651-7019
Fax: (205) 212-2105

*"Not everything that is faced can be changed. But nothing can be changed until it is faced."*
   *-James Baldwin (1924 - 1987)*

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance on this message. If you have received this message in error, please notify me immediately by return e-

2

mail and promptly delete this message and its attachments from your computer system. I do not waive work product privilege by the transmission of this message.

---

Note: This message is not from Chipotle. Always use caution when clicking on email attachments or links. Never enter your username, password, or any other confidential information into external email links.

---

Note: This message is not from Chipotle. Always use caution when clicking on email attachments or links. Never enter your username, password, or any other confidential information into external email links.

# ALICIA VICKERS

| | |
|---|---|
| **From:** | Goldfarb, Jon C. <jcg@wigginschilds.com> |
| **Sent:** | Tuesday, February 09, 2021 12:32 PM |
| **To:** | DEBRA POWELL |
| **Cc:** | Henderson, Brooke; Smith, Will |
| **Subject:** | RE: LTurner v Chipotle__420-2020-03030 |



Ms. Powell:

We sent a response to the EEOC on December 9th. We uploaded it to the portal on that day. I am not sure why you do not have it. We will send you a copy of what we uploaded.

Jon

**From:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>
**Sent:** Tuesday, February 9, 2021 12:16 PM
**To:** Henderson, Brooke <bhenderson@wigginschilds.com>; Goldfarb, Jon C. <jcg@wigginschilds.com>
**Cc:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>; Henderson, Brooke <bhenderson@wigginschilds.com>
**Subject:** LTurner v Chipotle__420-2020-03030

Attorney Goldfarb-

The purpose of this message is to let you know that based on the information gathered so far, I plan to recommend to my supervisors that the Notice of Right to Sue (NRTS) be issued.

You may recall that a copy of the employer's position statement was provided to you on November 18, 2020. To date, you have not provided additional information in support of your client's allegations.

In order to establish a violation on a terms and conditions of employment issue, the evidence must show in the following order of proof: 1) your client belongs to a protected group; 2) your client was denied equal terms or conditions of employment; 3) others similarly situated but not of your client's protected group  (Female-Pregnancy) were extended the terms or conditions denied your client; and

4) the employer is unable to explain the difference in treatment or the employer's explanation is in fact pretext for discrimination.

In order to establish a violation on a discharge issue, the evidence must show in the following order of proof: 1) your client belongs to a protected group; 2) your client was discharged; 3) others similarly situated but not of your client's protected group were not discharged; and 4) the employer cannot explain the difference in treatment or the employer's explanation is in fact pretext for discrimination.

Based on the evidence provided, it is not likely that further investigation will result in a finding that CP was subjected to discrimination as alleged.  *Specifically, there does not appear to be any evidence to show that your client was denied equal terms or conditions of employment because of her sex-pregnancy.  Similarly, there does not appear to be any evidence to show that others similarly situated but not of your client's protected group (Female-Pregnancy) were not discharged after they were accused of violating the employer's no-call, no-show policy.*

If my supervisor agrees with my recommendation, the NRTS will be issued and your client will have 90 days from the date of receipt to file a complaint in Federal Court against the employer.

As always, let me know if you have any questions or concerns.

*Debra Powell*
EO Investigator
1130 22nd Street South, Suite 2000
Birmingham, AL  35205
Tel:  (205) 651-7019
Fax: (205) 212-2105

*"Not everything that is faced can be changed. But nothing can be changed until it is faced.*"
    *-James Baldwin (1924 - 1987)*

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance on this message. If you have received this message in error, please notify me immediately by return e-mail and promptly delete this message and its attachments from your computer system. I do not waive work product privilege by the transmission of this message.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.



MEXICAN GRILL

CHIPOTLE MEXICAN GRILL, INC.
610 NEWPORT CENTER DR, 14ᵀᴴ FLOOR
NEWPORT BEACH, CA 92606

MAIN  949.524.4075
WEB  chipotle.com

November 18, 2020

EEOC – Alabama

*Re:    EEOC Number: 420-2020-03035*
*Lillian Turner v. Chipotle Mexican Grill*

Respondent Chipotle Services, LLC, improperly named as Chipotle ("Chipotle") provides its Position Statement regarding the Charge filed by Complainant Lillian Turner ("Ms. Turner") as follows:

## I.    INTRODUCTION

Chipotle terminated Ms. Turner's employment after she violated Chipotle's attendance policy by failing to report to work with no response (i.e. no-call/no-show) for two consecutive shifts. Ms. Turner now alleges that her termination was instead based on her pregnancy, but the facts do not support her allegation.

First, Ms. Turner provided conflicting reasons for her violation of the attendance policy. Ms. Turner first told coworkers (not her supervisor) she was out of town. She then instructed her coworkers to tell her supervisor that she was sick. Ms. Turner never communicated wither her supervisor regarding her absences, even after being informed by her manager that her absence would lead to her termination. After her termination, Ms. Turner claimed her second absence was the result of a hospital visit for her pregnancy. But her doctor's note and allegations in her Charge establish that the appointment date and time for her visit was *after* she already failed to report to work with no response for consecutive shifts.

Ms. Turner also claims that she was removed from the schedule, and she was forced to transfer stores because she told her General Manager she was pregnant with his child. However, Ms. Turner's manager reduced her hours due to her causing disruptions in the restaurant—it was unrelated to her pregnancy. In fact, there is no evidence Ms. Turner told her General Manager she was pregnant prior to voluntarily agreeing to transfer to a nearby restaurant to receive more hours.

Finally, it is difficult to believe Ms. Turner's claims based on the contradictory and simply unbelievable accusations she has made regarding her coworkers, Chipotle, and her pregnancy. For example, Ms. Turner told numerous different and conflicting stories about her pregnancy, including that: a doctor provided her with Plan B pills "under the table" to induce an abortion; her baby did not have a heartbeat; she lost her baby; and eventually, that

the baby was healthy and is apparently due in or about March, 2020.  After her termination from Chipotle, Ms. Turner also made unfounded allegations against Chipotle on social media, including, for example, that there were roaches in the catering boxes, flies on the food line, and green slim[e] on the soda machine.  All of which was untrue and not supported by any evidence.

Because Chipotle did not discriminate or retaliate against Ms. Turner, her Charge should be dismissed with a finding of no probable cause.

## II.    CHIPOTLE HAS APPROPRIATE AND LAWFUL POLICIES AND PROCEDURES

Founded in 1993, Chipotle owns and operates a nationwide and international chain of "fast casual" restaurants that serves a focused menu of fresh Mexican fare, consisting primarily of burritos, burrito bowls, tacos, and salads.  Chipotle actively fosters a working environment that is characterized by mutual respect and in which all employees have an equal opportunity to succeed.  Chipotle maintains, and regularly updates, various anti-discrimination, anti-harassment, and anti-retaliation policies (often jointly referred to as the "Respectful Workplace Policy"), and features them prominently in employee handbooks and on posters in the employee areas of its restaurants.  Among other things, the Respectful Workplace Policy prohibits discrimination and harassment; makes it the responsibility of every employee to prevent discrimination and harassment; obligates management employees who witness or receive reports of discrimination or harassing behavior to take appropriate action, including reporting it immediately; prohibits retaliation against any employee who has made a complaint in good faith; and provides multiple avenues of recourse, including permitting employees to complain to any of his or her managers, directors or regional human resources employees, or to a toll-free hotline.

Chipotle's Respectful Workplace Policy is included in its Crew Handbook and Restaurant Management Handbook, which are provided to all employees.  The Policy explains Chipotle's complaint reporting procedure and provides its toll-free Confidential Respectful Workplace Hotline.  **Exhibit A**.

Chipotle's Respectful Workplace hotline information is also contained on Chipotle's Restaurant People Experience posters, which are prominently placed in the employee areas of all Chipotle restaurants.  The current Restaurant People Experience poster is attached as **Exhibit B**.

Moreover, Chipotle's Problem Solving Policy from the handbook provides:

If you disagree or are dissatisfied with a Chipotle practice, you should promptly discuss the matter with your Manager, when appropriate. This discussion should be held within a reasonable time period. If the solution offered is not satisfactory, or if it is inappropriate to go to your Manager, you are encouraged to take the problem to your Manager's Manager or to the Compliance Department. If the problem still cannot be resolved, you may contact the Confidential Respectful Workplace Hotline at 1-877-625-1919 or submit a written complaint to the Compliance Department, Attention: Director, 1401 Wynkoop St, Suite 500, Denver, CO 80202.

**Exhibit A.**

## III.    CHIPOTLE'S REPORTING STRUCTURE

The entry-level position at a Chipotle is a "Crew Member." Crew Members are generally responsible for preparing and cooking ingredients, assembling customers' food orders, cleaning and maintaining the restaurant, delivering great customer service, and other similar tasks. Crew Members are assisted and managed by four levels of management, listed here in ascending order of responsibility: Kitchen Manager, Service Manager, Apprentice Manager, and General Manager (or Restaurateur). The General Manager (or Restaurateur) is the highest level of management within the restaurant and is responsible for all employment and operation decisions in the restaurant. General Managers/Restaurateurs report to a Field Leader, who generally supervises between six to ten restaurants.

## IV.    MS. TURNER'S EMPLOYMENT WITH CHIPOTLE

Ms. Turner was hired as a crew member at the BAMA Campus Chipotle on February 18, 2020. Her General Manager was Justin Pruitt. Pruitt and Turner knew each other outside of work. When Turner stated she was looking for a job, Pruitt told her to apply to work at Chipotle, as they were hiring.

### A.    Ms. Turner told her coworker that she was pregnant with Mr. Pruitt's child, then provided strange and contradictory details regarding the pregnancy.

In or about May, 2020, Ms. Turner told her coworker Cassandra Allen that she was pregnant with Mr. Pruitt's child, and that planned on having an abortion. However, Ms. Turner's story constantly changed. Though Ms. Turner alleges in her Charge that she informed Mr. Pruitt on May 30 of the alleged pregnancy, Mr. Pruitt states that he first learned of her allegation after she was transferred to another restaurant.

Ms. Turner's story became even more confusing and contradictory after Ms. Turner visited a doctor and texted with Ms. Allen regarding her visit. First, Ms. Turner claimed that she went to a doctor to request an abortion, and the doctor gave her Plan B pills "under the table" and instructed her to take a bunch of them to terminate her pregnancy. Plan B pills are used to prevent a pregnancy immediately after sex—not to cause an abortion weeks into a pregnancy. The story took another strange turn in early June, when Ms. Turner texted Ms. Allen and told her she was not pregnant anymore, that the baby did not have a heartbeat, and that it was a "false pregnancy." Strangely, this information was relayed to Ms. Allen through multiple different people who allegedly took over Ms. Allen's phone in quick succession while she was in the hospital—a man named Damien, and an unnamed neighbor. Being that this occurred during the COVID-19 pandemic, when even close family members are generally not allowed in hospital/clinic rooms with patients, it is hard to believe that two of Ms. Turner's friends/neighbors were with her in the hospital and passing around her phone to text a coworker. **Exhibit C.**

## B.   Ms. Turner's gossiping disrupted the restaurant.

Ms. Turner's accusations and gossiping became a serious distraction in late May/early June 2020. Ms. Turner began to tell coworkers that she was in a relationship with Mr. Pruitt that went back 8 to 10 years (even though they only knew each other for 6 or 7). Mr. Pruitt denied her claims, and Ms. Turner later admitted to Chipotle's Respectful Workplace Partner that her relationship with Mr. Pruitt ended prior to her employment with Chipotle—not that it was ongoing as she indicated in May. Notably, despite telling Ms. Allen that she was pregnant with Mr. Pruitt's child, Ms. Turner did not tell Mr. Pruitt about the pregnancy while she worked for him.[1] Mr. Pruitt was frustrated by the disruptions Ms. Turner's gossiping created in the restaurant and took her off the schedule for a week, but he did not terminate her employment. Mr. Turner's actions were based on the disruptions caused by Ms. Turner— not the pregnancy he was unaware of.

## C.   Ms. Turner transferred to BAMA to work more hours.

Ms. Turner contacted Field Leader Samuel Pilato to complain about being off the schedule for a week. At no point during the call or prior to that did she inform Mr. Pilato that she was pregnant with Mr. Pruitt's child, nor did she complain that her hours were reduced due to her informing him of the pregnancy. During their discussion regarding hours, Mr. Pilato mentioned that Ms. Turner could transfer stores if she wanted and Ms. Turner stated she would be interested in doing so. On June 14, 2020, Turner transferred to the BAMA

---

[1] Ms. Turner told Mr. Pruitt about the pregnancy after her transfer, and has continued to text Mr. Pruitt about it—despite the fact that she told Ms. Allen she had lost the baby. Mr. Pruitt has told Ms. Turner that he is happy to take a paternity test after the baby is born to prove he is not the father.

restaurant, which is about two miles from the BAMA Campus restaurant. Ms. Turner's new manager at the BAMA restaurant was Courtney White.

**D.    Ms. Turner was terminated for two consecutive no-call/no-shows.**

The week of July 13, Ms. Turner was scheduled to work July 14, 15, and 18. Ms. Turner was a no-call/no-show on July 15. The morning of July 18, Ms. White texted Ms. Turner, stating:

> "Hi, if you do not show today it will be an automatic termination due to consecutive no shows to shifts without direct communication with manager, and no replacement. Thank you for your time."

**Exhibit D.**

Chipotle's attendance policy states that two-consecutive absences without reporting to a supervisor is considered a voluntary resignation of employment. **Exhibit E.** Ms. Turner did not show up for her again shift on July 18, and as a result was terminated.

**E.    After her termination, Ms. Turner unsuccessfully contested her termination and continued to make unfounded allegations about her employment, former restaurant, and coworkers.**

After her termination, Ms. Turner called the Respectful Workplace hotline to claim for the first time that she was in the hospital on the July 18, and that her termination was wrongful. But Ms. Turner's claims do not hold up to scrutiny for multiple reasons.

First, text messages indicate that Ms. Turner was not truthful about the reasons for her absence. Ms. Turner's coworker Christian Hooks texted Ms. Tuner, stating "Courtney said u needa call her now she said today won't be excused." Ms. Turner replied "Okay I'll get an excuse. I'm not feeling well, I've been calling since 7." **Exhibit F.** There is no evidence that Ms. Turner called any manager to report her alleged sickness. Ms. Turner was also part of a group text with her coworkers. Though she told Mr. Hooks that she was not feeling well, she told a different story on the group text: "Sorry you guys. Still out of town with family emergency. Sorry a[b]out the delay." She later asked her coworkers to make up an excuse for her, stating: "Can someone tell the managers. I think I came with something coming up here [throwing up emoji]." **Exhibit G.**

Second, Ms. Turner claims in her Charge that she "went to the hospital around 10 pm" on July 18. Ms. Turner's shift on the 18th was 11:00 a.m. to 4:00 p.m. **Exhibit H.** By

the time she allegedly went to the hospital, Ms. Turner had already no-call/no-showed for two consecutive shifts.

After reviewing the evidence provided by Ms. Turner, the Respectful Workplace Partner determined that Ms. Turner's termination for consecutive no-call/no-shows was justified and the termination would stand.

A few weeks later, Ms. Turner tweeted: "chipotle in Tuscaloosa has roaches all in the catering boxes, flies on the food line, drain stinks, Nats everywhere, drink machine has green slim[e] on it and there services are bad." **Exhibit I.** She also claimed that she was suing Chipotle and provided her personal email address to suggest that people reach out to her to discuss her claims. Chipotle investigated the these claims and they were unsubstantiated.

## V.    CONCLUSION

Ms. Turner's termination was the result of two consecutive no-call/no-shows, and was unrelated to her sex or pregnancy. There is also no evidence that Mr. Pruitt reduced Ms. Turner's hours in retaliation for her telling him she was pregnant with his child.

Because Chipotle did not discriminate against Ms. Turner on the basis of sex. her Charge should be dismissed with a finding of no probable cause.

Respectfully submitted this 18 day of November, 2020.


Seth Ort
Senior Counsel
Litigation and Employment
Chipotle Mexican Grill
610 Newport Centre Drive, Suite
1300
Phone: (949) 524-4068
Email: sethort@chipotle.com

# EXHIBIT A





# Crew Handbook
## U.S. • SEPTEMBER 2017



# Respectful Workplace

## EQUAL EMPLOYMENT OPPORTUNITY

Chipotle will hire and promote based on job-related qualifications and ability to do the work required, without regard to anyone's race, color, religion, national origin, gender, age, marital status, familial status, sexual orientation, gender identity, status as a domestic violence victim, disability, veteran status, genetic information, or any other prohibited basis protected by federal, state or local laws. We will keep the workplace and our practices free from any kind of intimidation, harassment or bias, as required by these laws.

## RESPECTFUL WORKPLACE

Chipotle believes in the value of a diverse workforce, equal opportunity and a workplace free of discrimination and all forms of unlawful harassment. Similarly, Chipotle is committed to providing its employees with a safe and healthy workplace, free of violence or threats of violence. Chipotle also believes that employees should be treated without regard to race, color, religion, national origin, gender, age, marital status, familial status, sexual orientation, gender identity, status as a domestic violence victim, disability, veteran status, genetic information, or any other prohibited basis. These beliefs are embodied in Chipotle's Equal Employment Opportunity statement, Open Communication and Problem Solving statements, our Anti-Discrimination, Harassment and Sexual Harassment Policy (set forth in the Chipotle Code of Conduct), as well as in Chipotle's day-to- day employment practices. Together, these policies, statements, and beliefs form the basis of Chipotle's Respectful Workplace.

Because of the importance we place on these types of issues, we have instituted a procedure for investigating complaints related to our Respectful Workplace. Every employee has the right, and is encouraged, to tell any Chipotle employee in a professional manner to stop behavior towards him/her the employee believes to be discriminatory, harassing, and/or offensive. Any employee who feels subjected to discrimination, harassment, sexual harassment, or any other employment or safety concern should immediately report such behavior directly to his or her Manager/Director. If this is not appropriate or if assistance is still needed, the employee should contact his or her Manager's Manager or the Compliance Department. Employees should also feel free to contact the Confidential Respectful Workplace Hotline. Reports may be made at any time on any day. An objective investigation will be conducted based on the facts presented. If the results of the investigation confirm that an offense has been committed, appropriate disciplinary action will be taken against the person violating the policy,ranging from a warning to termination. Employees should also feel free to contact the Confidential Respectful Workplace Hotline regarding any concerns they have with the terms and conditions of their employment or workplace, even if the concern is not about discriminatory, harassing, or offensive behavior. Chipotle will take appropriate preventive or corrective action based on the results of the investigation. Each complaint or concern will be treated as confidential and the anonymity of the reporting employee, if requested, will be preserved to the fullest extent reasonably possible in light of Chipotle's need to investigate, the requirements of applicable law and other Company policies.

**The Confidential Respectful Workplace**
**Hotline may be contacted toll free at**
**1-877-625-1919**

## PROBLEM SOLVING

If you disagree or are dissatisfied with a Chipotle practice, you should promptly discuss the matter with your Manager, when appropriate. This discussion should be held within a reasonable time period. If the solution offered is not satisfactory, or if it is inappropriate to go to your Manager, you are encouraged to take the problem to your Manager's Manager or to the Compliance Department. If the problem still cannot be resolved, you may contact the Confidential Respectful Workplace Hotline at 1-877-625-1919 or submit a written complaint to the Compliance Department, Attention: Director, 1401 Wynkoop St, Suite 500, Denver, CO 80202.

## CORRECTIVE ACTION

Chipotle reserves the right to discipline and terminate employees. When, in the opinion of Chipotle, a problem with your performance, attendance, or any other problem becomes apparent, disciplinary action may be taken, up to and including termination. As a reminder, however, because your employment is at will, either you or Chipotle may terminate your employment at any time, for any reason.

When, in the opinion of Chipotle, a problem is so serious that the first offense warrants termination, you may be terminated immediately.

Any action taken in an individual case should not be assumed to establish a precedent in other circumstances.

## TERMINATION OF EMPLOYMENT

If you decide to leave Chipotle, we encourage you to give two weeks of notice, although your Manager may accept your resignation earlier. After you give notice, your Manager can arrange for payment of your final paycheck. On or before your last day of work, you must return all Company property to your Manager.

## EMPLOYMENT VERIFICATION

If you need to have your employment verified, call the Work Number at 1-800-367-2884 or access the site at www.theworknumber.com. When contacting the Work Number, have the following ready:
- Chipotle Employer Code: 11333
- Your Social Security Number (SSN)
- Your PIN: Last four digits of your SSN and month and day (mmdd) of your birth date (example: 99991205)

## DRUG AND ALCOHOL POLICY

Chipotle is committed to a safe, healthy, and productive work environment for all employees, free from the effects of substance abuse. Abuse of alcohol, drugs, and controlled substances impairs employee judgment, resulting in faulty decision-making and increased safety risks and injuries.

To ensure a safe and productive work environment, Chipotle prohibits the use, sale, dispensation, manufacture, distribution, or possession of alcohol, drugs, or controlled substances, on any Company premises or work sites.

# EXHIBIT B

# YOUR VOICE MATTERS



When you share your concerns and feedback, we will listen and respond.

We are committed to a workplace free from:

- » **Unlawful discrimination**
- » **Harassment**
- » **Retaliation**
- » **Violence**
- » **Unfair employment practices (including wage/hour and child labor compliance issues)**

If you have knowledge of behaviors or actions that aren't right, let your General Manager know.

Your GM is your first point of contact, followed by your Field Leader and Team Director. If you need to discuss a concern beyond your leadership, contact the Restaurant People Experience team.

**Our vision is to cultivate an environment where you can thrive and pursue your passion.**

**– The Restaurant People Experience Team**

# – TU IMP



Nosotros escucharer
inquietud o comenta

Estamos c_ompromet
trabajo libre de:

- » **Discriminación il**
- » **Acoso**
- » **Represalias**
- » **Violencia**
- » **Prácticas laborale relacionadas al c trabajo infantil)**

Si tienes conocimier
no son apropiadas, i
(GM, por sus siglas

Tu GM es tu primera
por tu líder de camp
necesitas hablar sob
allá de tu área de su
equipo de Experienc
Restaurante.

**Nuestra visión es cu crecer y perseguir tu**

**– El equipo de Expe**

# EXHIBIT C

# EXHIBIT D

**2:54**



2022 SEP 22  PM 1:38

(b) (7)(C) 1 Line Red

Sat, Jul 18, 10:51 AM

Hi, if you do not sh
will be an automati
due to consecutive
shifts without direc
communication wit
and no replacemen
for your time.

# EXHIBIT E



# Crew Handbook

### U.S. • SEPTEMBER 2017

## PERSONAL ELECTRONICS

To promote safety and help us elevate each other, employees may not use ear buds or head phones in the restaurant while working. Employees may listen to their electronic devices with ear buds or head phones during their meal and rest breaks. When working cash, employees – managers and crew – may not have their personal electronic devices (phones) in their pocket or near their station.

## HYGIENE

Maintaining good personal hygiene is an important way you can help ensure that our customers receive safe food. These are some of the things we expect you to do:

- Wear clean clothes.
- Bathe or shower every day.
- Brush your teeth and have fresh breath.
- Keep your fingernails short and unpolished.
- If your hair is shoulder length or longer, pull it back away from your face, preferably into a braid or bun.
- If you have a goatee, beard, mustache, or any facial hair, it should be well trimmed and neat, or you should be clean-shaven. In jurisdictions in which local health departments require the wearing of a 'beard net' to cover facial hair, facial hair is prohibited.
- Take your apron off before going to the restroom.
- Wash your hands immediately after using the restroom and again upon returning to your workstation.
- If you have open cuts or wounds on your hands, inform the manager in charge and wear a proper bandage and a disposable glove regardless of your assigned position.
- Contact the manager in charge if you have an infectious or contagious illness that may prevent you from serving food or handling food equipment in a sanitary manner (see "Reporting Illness" section for more details).
- Additionally, you should not chew gum or tobacco when at work.

## ATTENDANCE

If you unexpectedly have to miss work or arrive late for any reason, call the manager in charge. If you have an unexpected situation causing you to have to leave your shift early for any reason, you must first get the approval of the manager in charge before leaving (except as otherwise provided by law).

If you are absent from work for two consecutive scheduled shifts without notifying Chipotle, you will be considered to have voluntarily resigned from employment. Absences due to approved leaves, including without limitation, FMLA leave or similar state law, funeral leave, military leave, jury duty, hospital confinement, or other absences protected by law, are not considered excessive absenteeism.

Coming in late for work is not acceptable. Lateness may be cause for disciplinary action up to and including termination.

# EXHIBIT F



# EXHIBIT G



# EXHIBIT H

Date | 7/18/2020

# Scheduled & Actual Labor Usage For Bama (University of Alabama) - 989 on Saturday

**Click for data last updated details**

Not Scheduled but Worked    Scheduled but did not Work    Scheduled and Worked

| Crew | 7:00 | 8:00 | 9:00 | 10:00 | 11:00 | 12:00 | 1:00 | 2:00 | 3:00 | 4:00 | 5:00 | 6:00 | 7:00 | 8:00 | 9:00 | 10:00 | 11:00 | Actual Hours | Sch Hours | Clock In | Clock Out |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| an Turner | | | | | | | | | | | | | | | | | | | 5.00 | :0 | :0 |

# EXHIBIT I

**luna wolf92**
@luna_wolf92

>

@ChipotleTweets chipotle in tuscaloosa has roaches all in the catering boxes, flies on the food line, drain stinks, Nats everywhere, drink machine has green slim on it and there services are bad.

## ALICIA VICKERS

| | |
|---|---|
| **From:** | Henderson, Brooke <bhenderson@wigginschilds.com> |
| **Sent:** | Tuesday, February 09, 2021 12:34 PM |
| **To:** | Goldfarb, Jon C.; DEBRA POWELL |
| **Cc:** | Smith, Will |
| **Subject:** | RE: LTurner v Chipotle__420-2020-03030 |
| **Attachments:** | EEOC RESP.pdf |



Please see attached.

**Brooke Henderson**
bhenderson@wigginschilds.com · Direct:205-314-0589

**From:** Goldfarb, Jon C. <jcg@wigginschilds.com>
**Sent:** Tuesday, February 9, 2021 12:32 PM
**To:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>
**Cc:** Henderson, Brooke <bhenderson@wigginschilds.com>; Smith, Will <wsmith@wigginschilds.com>
**Subject:** RE: LTurner v Chipotle__420-2020-03030

Ms. Powell:

We sent a response to the EEOC on December 9th. We uploaded it to the portal on that day. I am not sure why you do not have it. We will send you a copy of what we uploaded.

Jon

**From:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>
**Sent:** Tuesday, February 9, 2021 12:16 PM
**To:** Henderson, Brooke <bhenderson@wigginschilds.com>; Goldfarb, Jon C. <jcg@wigginschilds.com>
**Cc:** DEBRA POWELL <DEBRA.POWELL@EEOC.GOV>; Henderson, Brooke <bhenderson@wigginschilds.com>
**Subject:** LTurner v Chipotle__420-2020-03030

Attorney Goldfarb-

1

The purpose of this message is to let you know that based on the information gathered so far, I plan to recommend to my supervisors that the Notice of Right to Sue (NRTS) be issued.

You may recall that a copy of the employer's position statement was provided to you on November 18, 2020. To date, you have not provided additional information in support of your client's allegations.

In order to establish a violation on a terms and conditions of employment issue, the evidence must show in the following order of proof: 1) your client belongs to a protected group; 2) your client was denied equal terms or conditions of employment; 3) others similarly situated but not of your client's protected group (Female-Pregnancy) were extended the terms or conditions denied your client; and 4) the employer is unable to explain the difference in treatment or the employer's explanation is in fact pretext for discrimination.

In order to establish a violation on a discharge issue, the evidence must show in the following order of proof: 1) your client belongs to a protected group; 2) your client was discharged; 3) others similarly situated but not of your client's protected group were not discharged; and 4) the employer cannot explain the difference in treatment or the employer's explanation is in fact pretext for discrimination.

Based on the evidence provided, it is not likely that further investigation will result in a finding that CP was subjected to discrimination as alleged. *Specifically, there does not appear to be any evidence to show that your client was denied equal terms or conditions of employment because of her sex-pregnancy. Similarly, there does not appear to be any evidence to show that others similarly situated but not of your client's protected group (Female-Pregnancy) were not discharged after they were accused of violating the employer's no-call, no-show policy.*

If my supervisor agrees with my recommendation, the NRTS will be issued and your client will have 90 days from the date of receipt to file a complaint in Federal Court against the employer.

As always, let me know if you have any questions or concerns.

*Debra Powell*
EO Investigator
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Tel: (205) 651-7019
Fax: (205) 212-2105

*"Not everything that is faced can be changed. But nothing can be changed until it is faced."*
 *-James Baldwin (1924 - 1987)*

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance on this message. If you have received this message in error, please notify me immediately by return e-mail and promptly delete this message and its attachments from your computer system. I do not waive work product privilege by the transmission of this message.

NOTICE: This e-mail and any attachments to it may be privileged, confidential or contain trade secret information. If you are not the intended recipient, please notify me immediately by reply e-mail and delete the e-mail and any attachment from your system. Unintended recipients are not authorized to use, disseminate, retain, print or copy the e-mail or its attachments.

# WIGGINS CHILDS
## PANTAZIS FISHER
## GOLDFARB
**Advocates & Litigators**

THE KRESS BUILDING · 301–19TH STREET NORTH · BIRMINGHAM, ALABAMA 35203
205–314–0500 MAIN · 205–254–1500 FAX · www.wigginschilds.com

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K.WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
RACHEL LEE McGINLEY
JOSHUA R. GALE•
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
EVAN D. PANTAZIS
CHRISTINA MALMAT
LIESELOTTE CARMEN-BURKS
KAMERON M. BUCKNER

ERIC C. SHEFFER
STAFF ATTORNEY

SANDRA DUCA
TIMOTHY B. FLEMING•
TERRILL W. SANDERS
OF COUNSEL
•Not Licensed in Alabama

ROBERT F. CHILDS, JR.
(1947–2018)

December 9, 2020

**VIA SUBMISSION TO EEOC PORTAL**
Investigator, EEOC
Birmingham District Office
1130 22nd Street South
Birmingham, AL 35205

re:    Lillian Turner v. Chipotle
       Charge No.: 420-2020-03035

Dear Investigator:

Thank you for sending us Respondent's position statement. On behalf of my client, please allow me to respond to Respondent's contentions below.

Charging Party maintains that she was discriminated against and denies the allegations in Respondent's position statement. CP states that she did not violate the attendance policy, as she both the absences in question were because CP had a doctor's appointment. CP had excuses and did not tell anyone she was out of town, and only told her coworkers to tell her supervisor that she was sick because she could not get in touch with her supervisor after multiples attempts of trying.

CP also denies causing "disruptions in the restaurant," which Respondent has not laid out in any detail. This is the first time that CP has heard that she was disruptive in the store, and Respondent has not produced any write-ups or warnings regarding CP's behavior. Furthermore, CP maintains that she informed her GM that she was pregnant, as she had entire conversation with Justin about Justin helping her lift ice buckets because she was unable to due to her pregnancy. It was not long after that before CP was taking off the schedule and terminated due to Respondent's pregnancy discrimination. CP states that she believes there are other employees who are not pregnant who commit similar or worse attendance violations and restaurants "disruptions" than CP has been accused of doing and are not similarly terminated as she was.

Please ask Respondent to provide the following documents:

1.   CP's complete personnel file, including any write-ups, warnings, or other disciplines, as well as her time records and any and all doctor's excuses.

2.   The personnel files of other employees who were terminated and/or disciplined for attendance violations.

WASHINGTON, D.C.
DELAND, FL

October 5, 2020
Page 2

    3.      Any and all emails concerning CP.

I hope this helps with your investigation. Please let me know if you need anything else.

    Sincerely,

    *Jon C. Goldfarb*

    Jon C. Goldfarb

# U.S. Equal Employment Opportunity Commission
## Birmingham District Office

Ridge Park Place
1130 22nd Street South
Birmingham, AL 35205

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

## DIGITAL CHARGE SYSTEM

September 16, 2020

**To:** Seth Ort
Senior Counsel
sethort@chipotle.com

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Lillian Turner, under: Title VII of the Civil Rights Act (Title VII). The circumstances of the alleged discrimination are based on Sex, and involve issues of Discharge and Terms/Conditions that are alleged to have occurred on or about Jul 18, 2020.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access EEOC's secure online system: **https://nxg.eeoc.gov/rsp/login.jsf**
2. Enter this EEOC Charge No.: **420-2020-03035**
3. Enter this temporary password: [redacted]

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses, and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding the Digital Charge System, you can send an email to birmintake@eeoc.gov.

## **Preservation of Records Requirement**

EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeeping.cfm.

## **Non-Retaliation Requirements**

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

## **Legal Representation**

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

# U.S. Equal Employment Opportunity Commission

## FEDERAL INVESTIGATION:
## REQUEST FOR POSITION STATEMENT
## AND SUPPORTING DOCUMENTARY EVIDENCE

EEOC hereby requests that your organization submit within 30 days a Position Statement setting forth all facts which pertain to the allegations in the charge of discrimination under investigation, as well as any other facts which you deem relevant for EEOC's consideration.

We recommend you review EEOC's resource guide on "Effective Position Statements" as you prepare your response to this request.

### Fact-Based Position Statement
This is your opportunity to raise any and all defenses, legal or factual, in response to each of the allegations of the charge. The position statement should set forth all of the facts relevant to respond to the allegations in the charge, as well as any other facts the Respondent deems pertinent to EEOC's consideration. The position statement should only refer to, but not identify, information that the Respondent asserts is sensitive medical information, or confidential commercial or financial information.

EEOC also requests that you submit all documentary evidence you believe is responsive to the allegations of the charge. If you submit only an advocacy statement, unsupported by documentary evidence, EEOC may conclude that Respondent has no evidence to support its defense to the allegations of the charge.

EEOC may release your position statement and non-confidential attachments to the Charging Party and her representative and allow them to respond to enable the EEOC to assess the credibility of the information provided by both parties. It is in the Respondent's interest to provide an effective position statement that focuses on the facts. EEOC will not release the Charging Party's response, if any, to the Respondent.

If no response is received to this request, EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal.

### Signed by an Authorized Representative
The Position Statement should be signed by an officer, agent, or representative of Respondent authorized to speak officially on its behalf in this federal investigation.

### Segregate Confidential Information into Separately Designated Attachments
If you rely on confidential medical or commercial information in the position statement, you should provide such information in separate attachments to the position statement labeled "Sensitive Medical Information," "Confidential

Commercial or Financial Information," or "Trade Secret Information" as applicable. Provide an explanation justifying the confidential nature of the information contained in the attachments. Medical information about the Charging Party is not sensitive or confidential medical information in relation to EEOC's investigation.

Segregate the following information into separate attachments and designate them as follows:

a. Sensitive medical information (except for the Charging Party's medical information).
b. Social Security Numbers
c. Confidential commercial or financial information.
d. Trade secrets information.
e. Non-relevant personally identifiable information of witnesses, comparators or third parties, for example, social security numbers, dates of birth in non-age cases, home addresses, personal phone numbers and email addresses, etc.
f. Any reference to charges filed against the Respondent by other charging parties.

## Requests for an Extension

If Respondent believes it requires additional time to respond, it must, at the *earliest possible time* in advance of the due date, make a written request for extension, explain why an extension is necessary, and specify the amount of additional time needed to reply. Submitting a written request for extension of time does not automatically extend the deadline for providing the position statement.

## Upload the Position Statement and Attachments into the Respondent Portal

You can upload your position statement and attachments into the Respondent Portal using the **+ Upload Documents** button. Select the "Position Statement" Document Type and click the **Save Upload** button to send the Position Statement and attachments to EEOC. Once the Position Statement has been submitted, you will not be able to retract it via the Portal.

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, gender identity, or sexual orientation), national origin, age, disability, retaliation and genetic information.

The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online <u>Small Business Resource Center</u>, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including <u>what to do</u> when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer <u>mediation</u> as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

In addition to the EEOC representative identified on the Notice of Charge of Discrimination, each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our <u>Small Business Liaisons</u> on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Yours truly,

U.S. Equal Employment Opportunity Commission

### *Find the Answers at EEOC's Small Business Resource Center*

The EEOC's Small Business Resource Center (www.eeoc.gov/employers/smallbusiness) is filled with useful information for small business and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*

  To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*

  The EEOC's Small Business Liaisons have created videos with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.

  Also see our Frequently Asked Questions.

- *Need an employment policy or practical tips on preventing job discrimination?*

  See 10 Quick Tips for Small Business.

- *Need to know more about EEOC's charge process?*

  We have a video on Responding to a Charge of Discrimination.

- *What is mediation?*

  The EEOC's mediation program offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

  Our Resources page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

We can also direct you to other federal agencies for information on issues such as minimum wage and overtime pay or family and medical leave. The Resources page gives a link to small business assistance from the SBA and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the SBA Ombudsman.

You can order our Publications online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," here.

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone)**